ALVARADO, PLAINTIFF AND APPELLEE, *v.* TORRES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action of Ejectment.

No. 2470.—Decided February 6, 1922.

EJECTMENT—DOUBLE SALE—CONTRACT.—It being proved that the defendant in an action of ejectment made an agreement to purchase the property in controversy, took possession thereof and paid a part of the price to the grantor prior to the sale of the property made by the latter to the plaintiff in a pub-

lic deed, it is necessary to conclude that the fact that the defendant has no written title does not preclude the holding that there was a double sale, for contracts are valid whatever the form in which they may be made; therefore the principle that the first in time is the first in law is applicable.

The facts are stated in the opinion.

*Messrs. F. Navarro Ortiz* and *C. Domínguez Rubio* for the appellants.

*Mr. M. Guzmán Texidor* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In the two courts in which this case was heard the complainant and the original defendant were each claiming to be the owner of a certain piece of property acquired from Domingo Martínez, who was subsequently made a party in the suit.

The Municipal Court of Cayey, where the suit was brought, decided that defendant Basilio Torres was legally in possession of the property by virtue of a contract of purchase and sale and that a contract was effective between the parties in whatever form made in accordance with section 1245 of the Civil Code.

The District Court of Guayama, on appeal, found, among other things, that the facts did not constitute a case of double sale in which two deeds were executed, thus transferring the title to two different persons, but that it was nothing more than an agreement of sale in which money was paid on account but with regard to which the contract was not perfected, inasmuch as the whole amount of the debt (*sic*) had not been paid nor the title executed, and the court rendered judgment in favor of the complainant.

The appellant alleges various grounds of error, but the appellee, as happens with startling frequency, has filed no brief.

The first set of errors alleged by the appellant go to the question of the jurisdiction of the district court, inasmuch

as Domingo Martínez was not properly notified of the appeal from the municipal court. We have the idea that the vendor, Domingo Martínez, was a proper party, but not a necessary party to decide the conflict between the two persons who are supposed to have purchased from him, but as the case must be reversed on other grounds and as we are not satisfied with the discussion of this phase of the case, we shall not definitely decide whether such vendor is a necessary party in a suit like the present one.

At the trial it transpired that the defendant, Basilio Torres Laborde, made an agreement of purchase from Domingo Martínez; that the said Torres paid $315 on account of said sale and entered into the possession of the property, and that the agreement for the sale, as well as the entry into possession, took place before the alleged sale to the complainant.

We disagree with the district court and agree with the municipal court. A sale between parties is perfectly valid in whatever form made, in accordance with section 1245 of the Civil Code, in line with the decisions of this court in *Torres v. Pons,* 24 P. R. R. 435; *Boneta v. Boneta,* 27 P. R. R. 635; *Cintrón v. Fernández,* 22 P. R. R. 450; *Rosado v. Rosado,* 17 P. R. R. 453, and the judgments of the Supreme Court of Spain of the 19th of October, 1921, 1st of July, 1901, and 11th of May, 1903. The trial showed a double sale and the familiar principle of the law that he who is first in time is first in law is applicable.

The judgment must be reversed and a judgment rendered for the defendant Basilio Torres.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.